## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| CHAMEL NICOLE ANDERSON, ID # 1811941, Petitioner, vs. LORI DAVIS, Respondent. | ) ) ) ) ) ) ) ) ) | No. 3:17-CV-1633-L (BH) Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for screening. Based on the relevant filings and applicable law, the case should be dismissed.

### I. BACKGROUND

On June 21, 2017, while she was an inmate at the Lane Murray Unit of the Texas Department of Criminal Justice (TDCJ), Chamel Nicole Anderson (Plaintiff) filed this unspecified action against its director in her official capacity (Defendant) alleging violations of her Fifth, Eighth, and Fourteenth Amendment rights. (*See* docs. 3; 12 at 2.)[1]

Plaintiff alleges that while she was in prison, Defendant, acting within the scope of her employment, negligently supervised "the use of real property" and provided insufficient medical and dental care. (doc. 12 at 3.)[2] She complains of the alleged failure of officers to protect other inmates, unsanitary prison conditions, and extreme heat. (*Id.*) She asserts that she "has suffered injury . . . for the wrongful acts or omissions [and] negligence while in [the] custody of [the] TDCJ," and that Defendant "is liable for the wrongful acts or omission[s] or the negligence of an employee . . . ."

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[2] Plaintiff's answers to the a magistrate judge's questionnaire constitute an amendment to the complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

(*Id*. at 2, 4.)

Plaintiff also asserts that she was falsely imprisoned "under illegal indictment" for aggravated assault with a deadly weapon on June 30, 2009, and challenges the validity of her conviction. (docs. 3 at 3; 12 at 5-7.) She claims that her conviction has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. (doc. 12 at 7.) She seeks a "fair hearing" and "fair conclusion", "damages from personal injury that were obtained from being in custody", and "relief from the state court judgment." (docs. 3 at 4; 12 at 3, 8.)[3] She also appears to seek compensation based on her alleged wrongful imprisonment. (doc. 12 at 10.) She alleges that her damages were caused by negligent supervision, and that she has also suffered injury to her mental state and ability to participate fully in society. (*Id*. at 2.) No process has issued.

## II. PRELIMINARY SCREENING

The Prison Litigation Reform Act (PLRA) requires preliminary judicial screening of a complaint filed by a prisoner seeking redress from an officer or employee of a governmental entity. 28 U.S.C. § 1915A; *Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam).[4] Section 1915A(b) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S.

---

[3] Plaintiff does not specify the amount of damages she seeks. (*See* docs. 3; 12.)

[4] On August 18, 2017, Plaintiff filed a notice of change of address that showed she was no longer in jail or any prison facility. (*See* doc. 8.) Because she was in custody at the time she filed this action, she remains subject to the provisions of the PLRA despite her subsequent release. *See Gay v. Tex. Dep't of Corr. State Jail Div.*, 117 F.3d 240, 242 (5th Cir. 1997).

319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 129 S. Ct. at 1950-51.

### III. 42 U.S.C. § 1983

Plaintiff sues Defendant in her official capacity for violations of her civil rights. (*See* docs. 3; 12 at 2.) Although she does not specify a cause of action, her complaint may be liberally construed as arising under 42 U.S.C. § 1983.

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States" and "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, a plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc.*

*v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

As noted, Plaintiff sues Defendant only in her official capacity. (doc. 12 at 2.) An official capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Plaintiff's suit against Defendant in her official capacity is effectively a suit against the TDCJ, which as a state instrumentality, "is cloaked with Eleventh Amendment immunity." *McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995); *see Mayfield v. Tex. Dep't Crim. J.*, 529 F.3d 599, 604 (5th Cir. 2008) (TDCJ and its employees are immune to monetary damages).

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." "This withdrawal of jurisdiction effectively confers an immunity from suit." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Therefore, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Although Congress has the power to abrogate that immunity through the Fourteenth Amendment, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72–76 (2000), and the State may waive its immunity by consenting to suit, *AT&T Communic'ns v. BellSouth Telecomms. Inc.*, 238 F.3d 636, 643 (5th Cir. 2001), the State has not waived its immunity by consenting to suit, nor has Congress abrogated the Eleventh Amendment immunity by enacting 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, Defendant has Eleventh Amendment immunity for any claims asserted against her in her official

4

capacity. *See Mayfield*, 529 F.3d at 604; *Jackson v. Welch*, 3:13–CV–100–L, 2013 WL 2479708, *2 (N.D. Tex. June 10, 2013) (finding that a suit against TDCJ employees in their official capacities was "barred by sovereign immunity as a suit against TDCJ, a state instrumentality.").

Even if Plaintiff also sues Defendant in her individual capacity, the claims would also fail because she makes only generalized allegations, specifically seeks to hold Defendant liable for the alleged wrongful acts of her employees, and does not allege any personal involvement by Defendant. *See Estate of Davis ex rel. McCully v. City of North Richmond Hills*, 406 F.3d 375, 381 (5th Cir. 2005) (holding that supervisory officials cannot be held liable for the unconstitutional actions of their subordinates based on any theory of vicarious or *respondeat superior* liability); *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999) (finding that there must be some showing of personal involvement by the defendant because the acts of a subordinate "trigger no individual § 1983 liability."). Any individual capacity claims are also subject to dismissal.[5]

## IV. RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This dismissal will count as a "strike" or "prior occasion" within the

---

[5] Even if she could assert her claims against Defendant, any claims challenging the validity of her conviction would be barred under *Heck v. Humphrey*, 512 U.S. 477 (1994) because a ruling in her favor on any such claims would necessarily imply the invalidity of her conviction, and although she alleges that her conviction has been reversed, expunged, invalidated, or otherwise called into question, public records show that none of those requirements have been met. *See Ex parte Anderson*, WR-82,572-01 (Tex. Crim. App. Oct. 19, 2016) (denying Plaintiff's state habeas application); *Anderson v. State*, No. 05-12-01341-CR, 2013 WL 6229542 (Tex. App.—Dallas Dec. 2, 2013) (affirming Plaintiff's conviction); *see also Heck*, 512 U.S. at 486–87 (holding that a civil rights action must be dismissed when it "would necessarily imply the invalidity of a plaintiff's conviction," and the plaintiff fails to demonstrate that the conviction has been reversed, expunged, or otherwise called into question). The Court may bypass the potential *Heck*-bar so as to address issues that are appropriate for early and final determination, however. *See Patton v. Jefferson Correctional Ctr.*, 136 F.3d 458, 462 n. 6 (5th Cir. 1998) (when an action raises an issue of immunity, the court to the extent it is feasible to do so should determine that issue as early in the proceedings as possible); *Smithback v. Cockrell*, No. 3:01-CV-1658-M, 2002 WL 1268031, at *2 (N.D. Tex. June 3, 2002) (accepting recommendation that "[w]hen a plaintiff seeks relief unavailable under 42 U.S.C. § 1983 or sues individuals or entities who are not proper parties under § 1983, it also seems appropriate to have an early determination of those issues").

meaning 28 U.S.C. § 1915(g).[6]

**SO RECOMMENDED**, this 1st day of October, 2018.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[6] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).